IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:25-CV-20290-JB

TAMIA SMILEY,

      Plaintiff,

vs.

THE MIAMI CHILDREN'S MUSEUM, INC.,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, THE MIAMI CHILDREN'S MUSEUM, INC. ("Defendant"), by and through the undersigned counsel, answers Plaintiff's, TAMIA SMILEY ("Plaintiff"), Complaint filed on January 17, 2025 ("Complaint"), with affirmative defenses, and demands a jury trial as follows:

### INTRODUCTION

1.      Defendant denies the allegations in paragraph 1.

2.      Defendant admits that Plaintiff purports to bring the instant action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg ("PWFA"); the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"); and the Miami-Dade County Human Rights Ordinance, Miami-Dade County, Fla., Code, ch. 11A, art. IV, § 11A–26 ("MDHRO"). Defendant denies all remaining express or implied allegations.

## PARTIES

3.     Defendant is without knowledge as it relates to the allegations in paragraph 3; therefore paragraph 3 is denied.

4.     Defendant admits the allegations in paragraph 3 for jurisdictional purposes only. Defendant denies all remaining express or implied allegations.

5.     Paragraph 5 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 5.

6.     Paragraph 6 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 6.

7.     Paragraph 7 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 7.

8.     Paragraph 8 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 8.

9.     Paragraph 9 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 9.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## JURISDICTION AND VENUE

10.     Defendant admits that Plaintiff purports to bring the instant action pursuant to 28 U.S.C. §§ 1331 and 1367, and thus, this Court has jurisdiction. Defendant denies all remaining express or implied allegations.

11.     Defendant admits that venue is proper. Defendant denies all remaining express or implied allegations.

## ADMINISTRATIVE PREREQUISITES

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant admits that on or around March 20, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), and the Miami-Dade Commission on Human Rights ("MDCHR"). Defendant denies all remaining express or implied allegations.

14.     Defendant admits that on October 21, 2024, the EEOC issued a Determination and Notice of Rights, wherein the EEOC advised that it has made no determination as to Plaintiff's claims and issued Plaintiff a right to sue. Defendant denies all remaining express or implied allegations.

15.     Defendant admits that as a result of Plaintiff's request for a right to sue, on November 14, 2024, the MDCHR dismissed Plaintiff's Charge and issued Plaintiff a right to sue. Defendant denies all remaining express or implied allegations.

16.     Paragraph 16 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 16.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

17.     Paragraph 17 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 17.

## FACTUAL ALLEGATIONS

18.     Paragraph 18 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 18.

19.     Defendant admits that on August 10, 2023, it hired Plaintiff as an afterschool instructor. Defendant denies all remaining express or implied allegations.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant admits the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant is without knowledge as it relates to the allegations in paragraph 28; therefore paragraph 28 is denied.

29.     Defendant is without knowledge as it relates to the allegations in paragraph 29; therefore paragraph 29 is denied.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

30.     Defendant admits that on or around February 5, 2024, Plaintiff e-mailed Defendant regarding a Verification of Employment Form. Defendant denies all remaining express or implied allegations.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §§ 2000e-2
### *Title VII Discrimination*

54.     Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53, as if fully set forth herein.

55.     Paragraph 55 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 55.

56.     Paragraph 56 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 56.

57.     Paragraph 57 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 57.

58.     Paragraph 58 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 58.

59.     Paragraph 59 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 59.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

60.     Defendant denies the allegations in paragraph 60.

61.     Paragraph 61 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 61.

62.     Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant denies the allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

80.     Defendant admits that Plaintiff is seeking attorney's fees and costs. Defendant denies Plaintiff is entitled to such relief.

## COUNT II
### 42 U.S.C. §§ 2000e-3
### *Title VII Retaliation*

81.     Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53, as if fully set forth herein.

82.     Paragraph 82 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 82.

83.     Paragraph 83 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 83.

84.     Paragraph 84 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 84.

85.     Defendant denies the allegations in paragraph 85.

86.     Defendant denies the allegations in paragraph 86.

87.     Defendant denies the allegations in paragraph 87.

88.     Defendant denies the allegations in paragraph 88.

89.     Defendant denies the allegations in paragraph 89.

90.     Defendant denies the allegations in paragraph 90.

91.     Defendant denies the allegations in paragraph 91.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

92.     Defendant is without knowledge as to the allegations in paragraph 92; therefore, Defendant denies the allegations in paragraph 92.

93.      Defendant denies the allegations in paragraph 93.

94.     Defendant denies the allegations in paragraph 94.

95.     Defendant denies the allegations in paragraph 95.

96.     Defendant denies the allegations in paragraph 96.

97.     Defendant denies the allegations in paragraph 97.

98.     Defendant denies the allegations in paragraph 98.

99.     Defendant denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies Plaintiff is entitled to such relief.

<u>**COUNT III**</u>
**42 U.S.C. §§ 2000gg-1**
*PWFA Discrimination*

103.    Defendant re-alleges and re- incorporates its responses to paragraphs 18 through 53, as if fully set forth herein.

104.    Paragraph 104 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 104.

105.    Paragraph 105 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 105.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

106.    Paragraph 106 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 106.

107.    Paragraph 107 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 107.

108.    Paragraph 108 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 108.

109.    Defendant denies the allegations in paragraph 109.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

115.    Defendant denies the allegations in paragraph 115.

116.    Defendant denies the allegations in paragraph 116.

117.    Defendant denies the allegations in paragraph 117.

118.    Defendant denies the allegations in paragraph 118.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant denies the allegations in paragraph 120.

121.    Defendant denies the allegations in paragraph 121.

122.    Defendant denies the allegations in paragraph 122.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

123.    Defendant denies the allegations in paragraph 123.

124.    Defendant denies the allegations in paragraph 124.

125.    Defendant denies the allegations in paragraph 125.

126.    Defendant denies the allegations in paragraph 126.

127.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies Plaintiff is entitled to such relief.

### COUNT IV
### 42 U.S.C. §§ 2000gg-2(f)
### *PWFA Retaliation*

128.    Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53, as if fully set forth herein.

129.    Paragraph 129 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 129.

130.    Paragraph 130 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 130.

131.    Paragraph 131 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 131.

132.    Defendant denies the allegations in paragraph 132.

133.    Defendant denies the allegations in paragraph 133.

134.    Defendant denies the allegations in paragraph 134.

135.    Defendant denies the allegations in paragraph 135.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

136.    Defendant denies the allegations in paragraph 136.

137.    Defendant denies the allegations in paragraph 137.

138.    Defendant denies the allegations in paragraph 138.

139.    Defendant denies the allegations in paragraph 139.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

143.    Defendant denies the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144.

145.    Defendant denies the allegations in paragraph 145.

146.    Defendant denies the allegations in paragraph 146.

147.    Defendant denies the allegations in paragraph 147.

148.    Defendant denies the allegations in paragraph 148.

149.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies
Plaintiff is entitled to such relief.

### COUNT V
**§ 760.10(1), Fla. Stat.**
*FCRA Discrimination*

150.    Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53,
as if fully set forth herein.

151.    Paragraph 151 is Plaintiff's commentary on the law, and therefore, no response is
needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the
allegations set forth in paragraph 151.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

152.    Paragraph 152 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 152.

153.    Paragraph 153 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 153.

154.    Paragraph 154 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 154.

155.    Paragraph 155 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 155.

156.    Defendant denies the allegations in paragraph 156.

157.    Defendant denies the allegations in paragraph 157.

158.    Defendant denies the allegations in paragraph 158.

159.    Defendant denies the allegations in paragraph 159.

160.    Defendant denies the allegations in paragraph 160.

161.    Defendant denies the allegations in paragraph 161.

162.    Defendant denies the allegations in paragraph 162.

163.    Defendant denies the allegations in paragraph 163.

164.    Defendant denies the allegations in paragraph 164.

165.    Defendant denies the allegations in paragraph 165.

166.    Defendant denies the allegations in paragraph 166.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

167.     Defendant denies the allegations in paragraph 167.

168.     Defendant denies the allegations in paragraph 168.

169.     Defendant denies the allegations in paragraph 169.

170.     Defendant denies the allegations in paragraph 170.

171.     Defendant denies the allegations in paragraph 171.

172.     Defendant denies the allegations in paragraph 172.

173.     Defendant denies the allegations in paragraph 173.

174.     Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies Plaintiff is entitled to such relief.

**COUNT VI**
**§ 760.10(7), Fla. Stat.**
*FCRA Retaliation*

175.     Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53, as if fully set forth herein.

176.     Paragraph 176 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 176.

177.     Paragraph 177 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 177.

178.     Paragraph 178 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 178.

179.     Defendant denies the allegations in paragraph 179.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

180.    Defendant denies the allegations in paragraph 180.

181.    Defendant denies the allegations in paragraph 181.

182.    Defendant denies the allegations in paragraph 182.

183.    Defendant denies the allegations in paragraph 183.

184.    Defendant denies the allegations in paragraph 184.

185.    Defendant denies the allegations in paragraph 185.

186.    Defendant denies the allegations in paragraph 186.

187.    Defendant denies the allegations in paragraph 187.

188.    Defendant denies the allegations in paragraph 188.

189.    Defendant denies the allegations in paragraph 189.

190.    Defendant denies the allegations in paragraph 190.

191.    Defendant denies the allegations in paragraph 191.

192.    Defendant denies the allegations in paragraph 192.

193.    Defendant denies the allegations in paragraph 193.

194.    Defendant denies the allegations in paragraph 194.

195.    Defendant denies the allegations in paragraph 195.

196.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies

Plaintiff is entitled to such relief.

### COUNT VII
**§ 11A-26(1), Code of Miami-Dade County**
***MDHRO Discrimination***

197.    Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53,

as if fully set forth herein.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

198.    Paragraph 198 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 198.

199.    Paragraph 199 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 199.

200.    Paragraph 200 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 200.

201.    Paragraph 201 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 201.

202.    Paragraph 202 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 202.

203.    Defendant denies the allegations in paragraph 203.

204.    Defendant denies the allegations in paragraph 204.

205.    Defendant denies the allegations in paragraph 205.

206.    Defendant denies the allegations in paragraph 206.

207.    Defendant denies the allegations in paragraph 207.

208.    Defendant denies the allegations in paragraph 208.

209.    Defendant denies the allegations in paragraph 209.

210.    Defendant denies the allegations in paragraph 210.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

211.    Defendant denies the allegations in paragraph 211.

212.    Defendant denies the allegations in paragraph 212.

213.    Defendant denies the allegations in paragraph 213.

214.    Defendant denies the allegations in paragraph 214.

215.    Defendant denies the allegations in paragraph 215.

216.    Defendant denies the allegations in paragraph 216.

217.    Defendant denies the allegations in paragraph 217.

218.    Defendant denies the allegations in paragraph 218.

219.    Defendant denies the allegations in paragraph 219.

220.    Defendant denies the allegations in paragraph 220.

221.    Defendant denies the allegations in paragraph 221.

222.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies

Plaintiff is entitled to such relief.

### COUNT VIII
### § 11A-26(4), Code of Miami-Dade County
### *MDHRO Retaliation*

223.    Defendant re-alleges and re-incorporates its responses to paragraphs 18 through 53,

as if fully set forth herein.

224.    Paragraph 224 is Plaintiff's commentary on the law, and therefore, no response is

needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the

allegations set forth in paragraph 224.

225.    Paragraph 225 is Plaintiff's commentary on the law, and therefore, no response is

needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the

allegations set forth in paragraph 225.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

226.    Paragraph 226 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 226.

227.    Defendant denies the allegations in paragraph 227.

228.    Defendant denies the allegations in paragraph 228.

229.    Defendant denies the allegations in paragraph 229.

230.    Defendant denies the allegations in paragraph 230.

231.    Defendant denies the allegations in paragraph 231.

232.    Defendant denies the allegations in paragraph 232.

233.    Defendant denies the allegations in paragraph 233.

234.    Defendant denies the allegations in paragraph 234.

235.    Defendant denies the allegations in paragraph 235.

236.    Defendant denies the allegations in paragraph 236.

237.    Defendant denies the allegations in paragraph 237.

238.    Defendant denies the allegations in paragraph 238.

239.    Defendant denies the allegations in paragraph 239.

240.    Defendant denies the allegations in paragraph 240.

241.    Defendant denies the allegations in paragraph 241.

242.    Defendant denies the allegations in paragraph 242.

243.    Defendant denies the allegations in paragraph 243.

244.    Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies Plaintiff is entitled to such relief.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.      For its First Affirmative Defense, Defendant states that Plaintiff's purported claims of discrimination under Title VII, PWFA, FCRA, or MDHRO fail as a matter of law. Specifically, Plaintiff cannot establish that any similarly situated employee was treated more favorably by Defendant than Plaintiff or that any adverse employment action was taken against her because of her gender or pregnancy. *Lewis v. City of Union City, Georg*, 918 F.3d 1213, 1224 (11th Cir. 2019).

2.      For its Second Affirmative Defense, Defendant states that Plaintiff's purported claims of retaliation under Title VII, PWFA, FCRA, or MDHRO fail as a matter of law. Specifically, Plaintiff cannot establish that she engaged in a statutory protected activity. Initially, Plaintiff was a part-time employee and was ineligible for benefits, including but not limited to maternity leave. Additionally, Plaintiff did not qualify for leave under the Family Medical Leave Act ("FMLA"), as she had not been employed by Defendant for at least twelve (12) months nor accumulated at least 1,250 hours during the 12-month period. *See* § 2611(2)(A). Nevertheless, Plaintiff never made any request for a reasonable accommodation nor requested maternity leave.[1] Here, As such, Plaintiff has not and cannot establish that she engaged in a statutorily protected activity, and thus, her purported claims of retaliation fail.

3.      For its Third Affirmative Defense, Defendant states that Plaintiff was employed by Defendant on an "at will" basis, and both parties were free to terminate Plaintiff's employment with Defendant at any time, and for any reason, provided that it did not violate state or federal law.

---

[1] Notably, case law is clear that requesting or taking leave does not constitute a protected activity under Title VII or the FCRA. *See Phillips v. Harbor Venice Management, LLC*, 2020 WL 495224, at *4 (M.D. Fla. 2020) (holding that under the plain language of Title VII, requesting a reasonable accommodation, is not a protected activity within Title VII's anti-retaliation provision); *Leigh v. Artis-Naples, Inc.*, 2022 WL 18027780, at *15 (M.D. Fla. 2022) ("requests for accommodations and exemptions do not constitute opposition to an employment practice made unlawful under Title VII.").

4.     For its Fourth Affirmative Defense, Defendant states that any alleged action taken with respect to Plaintiff's employment was taken for legitimate, non-discriminatory, and non-retaliatory business reasons and without any intent or motive to discriminate, retaliate, or interfere with Plaintiff's exercise of rights conferred by any federal or state statute. Specifically, Plaintiff was terminated as a result of her poor attendance record. Specifically, within less than four (4) months of Plaintiff's employment, she called in sick on thirteen (13) different occasions with little to no notice to her supervisor. *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1321 (11th Cir. 2000) (finding that it is not unlawful for an employer to fire an employee for "excessive absences, even if those absences were the result of the pregnancy, unless the employer overlooks the comparable absences of non-pregnant employees"); *see also  Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737–39 (7th Cir. 1994) ("the employer need not ignore absences, unless the employer likewise ignores the absences of nonpregnant employees.").

5.     For its Fifth Affirmative Defense, Defendant states it has acted reasonably and in good faith at all times to comply with all state and federal laws. *T.G. v. Sears, Roebuck & Co.*, 2006 WL 8432512, *3 (Fla. S.D. 2006) (denying motion to strike affirmative defense of good faith and lack of discriminatory intent or motive in FCRA discrimination case where defendant argued that its actions "were bona fide and that [it] engaged in any such actions for legitimate, non-discriminatory reasons").

6.     For its Sixth Affirmative Defense, Defendant states that Plaintiff's recovery of damages is barred to the extent she has failed to mitigate her damages. *Alma-Mater Collections, Inc. v. Crossroads Financial, LLC*, 2023 WL 10672900, *2 (S.D. Fla. 2023) (finding that an affirmative defense of failure to mitigate damages is waived if not pled); *Frederick v. Kirby*

*Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (failure to mitigate damages is an affirmative defense that must be pled in order not to waive the defense).

7.      For its Seventh Affirmative Defense, Defendant states that they are entitled to a set-off for any monies Plaintiff could have received through the exercise of due diligence, or any monies received, or benefits earned by virtue of any subsequent employment.

8.      For its Eighth Affirmative Defense, Defendant states that claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, and/or waiver based upon Plaintiff's course of conduct during her employment. This includes but is not limited to Plaintiff's excessive absences and blatant disregard for Defendant's attendance policies.

9.      For its Ninth Affirmative Defense, Defendant states that to the extent Plaintiff has brought duplicative claims, she is not entitled to duplicative recovery. *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) (holding that the Supreme Court has instructed that the courts can and should preclude double recovery by an individual and that "[i]t is clear that no duplicating recovery of damages for the same injury may be had.") (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980)).

10.     For its Tenth Affirmative Defense, Defendant states that Plaintiff's claims for punitive damages are barred. Initially, Plaintiff's claims for punitive damages under the FCRA and MDHRO are barred because Plaintiff is not permitted to seek punitive damages on these claims without leave of court and proffering an evidentiary basis to support the same. *Boozer v. Towne Air Freight, LLC*, 2008 WL 11338672, *5 (N.D. Fla. 2008) (granted motion to strike punitive damages because Plaintiff failed to comply with Florida Statute § 768.72, which "prohibits a plea for punitive damages in the initial complaint and only allows the plaintiff to add punitive damages complaint at a later date if the plaintiff seeks leave of the court to add punitive damages.")

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Additionally, Plaintiff's claims for punitive damages are further barred under Title VII, FCRA, PWFA, and MDHRO because Defendant acted in good faith and did not take any actions that were intentional, willful, or in disregard of Plaintiff's rights. *See Richardson v. Tricom Pictures & Production, Inc.*, 334 F.Supp.2d 1303, 1320 (S.D. Fla. 2004) ("an employee may recover punitive damages under Title VII if the employee establishes three things: (1) that employer acted with knowledge that its actions may have violated federal law, or in the face of a perceived risk that its actions would violate federal law; (2) that liability may be imputed on the employer by showing that the employees involved in the unlawful action were acting within the scope of their employment; and (3) that the employer did not engage in good faith efforts to comply with Title VII.").

11.     For its Eleventh Affirmative Defense, Defendant states that Plaintiff's claims for relief are barred, in whole or in part, as Plaintiff has not accrued damages as a result of any conduct by Defendant.

Defendant reserves the right to assert such other affirmative defenses available pursuant to Federal Rules of Civil Procedure 15(b), as may be revealed through discovery and disclosure in this matter.

## **DEMAND FOR JURY TRIAL**

Defendant, pursuant to FED. R. CIV. P. 38., hereby demands trial by jury on all issues so triable.

## **NOTICE OF INTENT TO SEEK ATTORNEYS' FEES AND COSTS**

Defendant gives notice of its intent to seek attorneys' fees and costs upon prevailing pursuant to all applicable legal authority and statutory proposals for settlement.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that that on this 25th day of March 2025, a true and correct copy of foregoing was filed electronically via the CM/ECF System and served via e-notice on counsel of record for all parties identified below.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977
E-mail: jillian.strasser@csklegal.com
E-mail: emma.mccarthy@csklegal.com

By: */s/ Jillian Strasser*
JILLIAN STRASSER
FL Bar No.: 113611
EMMA MCCARTHY
FL Bar No.: 1048504